# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: G.S., P.S., and S.S.

No. 16-0770 (Kanawha County 16-JA-98, 16-JA-99, & 16-JA-100)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.S., by counsel Rebecca Stollar Johnson, appeals the Circuit Court of Kanawha County's July 11, 2016, order terminating her parental and custodial rights to G.S., P.S., and S.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robin R. Louderback, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-adjudicatory improvement period and in terminating her parental rights without imposing a less-restrictive dispositional alternative.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend.[3] Specifically, the petition alleged that the parties engaged in domestic violence in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The record indicates that H.S.-1, the father of G.S., has additional children (A.S., H.S.-2, K.S.-1, and K.S.-2) who were also the subject of the proceedings below. H.S.-1's parental rights to these children were also terminated below, and their mother, T.S., is deceased. According to the guardian in H.S.-1's related appeal, these additional children were placed in foster homes and the permanency plan is adoption therein. However, because petitioner is not the biological mother of these additional children, they are not the subject of this appeal.

[3]Petitioner's boyfriend was H.S.-1, father of G.S.

(continued . . . )

the children's presence and toward the children who lived in the home. The petition also alleged that petitioner abused drugs, had an extensive history with Child Protective Services ("CPS"), and that the parties recently completed a post-adjudicatory improvement period in a previous abuse and neglect case. Lastly, the petition alleged that the home was infested with bed bugs and the children had lice. Also in February of 2016, the circuit court initially held a preliminary hearing but continued the matter due to scheduling issues. Ultimately, in March of 2016, petitioner waived her right to a preliminary hearing and accepted domestic violence counseling. The circuit court ordered that she submit to random drug screening and undergo a psychological evaluation. The circuit court further ordered that petitioner have no contact with the boyfriend.

In April of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations in the petition and the circuit court adjudicated her as an abusing parent. Specifically, petitioner admitted that she engaged in domestic violence in the children's presence and toward the children, and that her behavior affected her ability to parent the children. Following the adjudicatory hearing, petitioner filed a written motion for a post-adjudicatory improvement period.

In July of 2016, the circuit court held a dispositional hearing during which it heard testimony that petitioner and her boyfriend continued to have contact with each other, in violation of the circuit court's order. G.S.'s foster mother testified that she saw the parties together at the Town Center Mall located in Charleston, West Virginia. Petitioner admitted that she had constant contact with the boyfriend during the underlying proceedings and sought a domestic violence protective order against him prior to the dispositional hearing. However, petitioner subsequently denied many of the allegations contained in the petition for a domestic violence protective order and testified that she and the boyfriend were good people and deserved their children. The circuit court also heard from the children who recounted extensive domestic violence perpetrated by the parties against them and each other.[4] The children expressed fear of petitioner and the boyfriend and indicated they did not want to return to petitioner's home.

Further, the circuit court heard evidence that petitioner failed to appear for court ordered drug screens and had a marijuana pipe and rolling papers on her person the day of the dispositional hearing. The marijuana pipe tested positive for marijuana residue. Moreover, although she was attending the required parenting and life skills services, petitioner's case worker opined that, based on the his observations, petitioner would not change her parenting habits. He testified that a previous abuse and neglect petition filed against the parties contained the same allegations as the current petition. He also testified that the parties completed an improvement period in that case but that within in a few months the current petition was filed. Additionally, he testified that, despite losing the children, the parties would not end their "toxic

---

[4]On March 23, 2016, the circuit court held two separate in-camera interviews with the two oldest children, A.S. and H.S.-2, who appeared with the guardian. At the dispositional hearing, the prosecuting attorney moved the circuit court to make the transcripts of the children's testimony a part of the record for dispositional purposes. The circuit court granted the motion.

relationship" with one another. Another provider testified to concerns over the ongoing relationship between the parties, particularly in light of the children's expressed fear of them. As such, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated her parental rights to the children, and denied her motion for a post-adjudicatory improvement period.[5] It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or in its termination of her parental rights.

Petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In support of her argument, petitioner asserts that she established that she was likely to fully participate in an improvement period, as evidenced by her acknowledgement that her relationship with the boyfriend "did not work." Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. Regarding whether an improvement period should be granted, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)

---

[5]All parental rights of both biological parents of G.S. were terminated below. The guardian states that G.S. is in a foster home and the permanency plan is adoption therein. Petitioner's parental rights to P.S. and S.S. were also terminated. M.S., the non-offending father of P.S. and S.S., retained his parental rights because there were no allegations against him below. According to the guardian, P.S. and S.S. currently reside with their non-offending father, M.S., with a permanency plan to remain in the home.

(holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .' " *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record on appeal that petitioner failed to demonstrate her ability to fully participate in an improvement period. Petitioner has an extensive history of domestic violence. The circuit court was presented with evidence that despite the previous provision of services and the circuit court's order directing that petitioner and her boyfriend to have no contact, petitioner maintained contact with the man who abused her and the children. Petitioner's own testimony supports the circuit court's finding that she was unlikely to make a meaningful change with regard to her parenting issues. It is clear from the record that petitioner failed to accept responsibility for her actions and their impact on the children as she violated the circuit court's order and minimized or denied the allegations contained in the domestic violence protective petition she filed against the boyfriend.

> Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). As such, it is clear that petitioner failed to establish that she was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion.

Petitioner also argues on appeal that the circuit court erred in failing to impose a less-restrictive dispositional alternative in light of the fact that she participated in services and acknowledged her deficient parenting. The Court, however, does not agree.

Petitioner's argument ignores the facts presented below. Specifically, the circuit court found that petitioner failed to remedy the conditions of abuse and neglect in the home. These findings were based on substantial evidence, including evidence of petitioner's failure to fully submit to court-ordered drug screens and continued contact with the man who abused her and the children. Moreover, as set forth above, petitioner's service provider testified that petitioner failed to implement any of the skills she was taught, despite the fact that she previously completed the same parenting and life skills services.

Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the

4

abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child .
. . .

Based upon the substantial evidence outlined above, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because she failed to follow through with services designed to remedy the conditions of abuse and neglect. The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 11, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker